# UNITED STATES DISTRICT COURT
District of Alaska

| UNITED STATES OF AMERICA | 2ⁿᴰ AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For **Probation**) |
| CASEY RICHARDSON | Case Number: 3:17-CR-00087-01-TMB |
| | USM Number: 20135-006 |
| | Michael A. Moberly |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)  Counts 5, 7, and 11 of the Indictment

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Violate the Lacey Act | 09/04/2014 | 5 |
| 18 U.S.C. § 371 | Conspiracy to Violate the Lacey Act | 08/12/2015 | 7 |
| 18 U.S.C. § 371 | Conspiracy to Violate the Lacey Act | 12/21/2015 | 11 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s) Counts 6, 9, and 15 of the Indictment

☐ is  ☒ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

1/18/2019
Date of Imposition of Judgment

s/TIMOTHY M. BURGESS
Signature of Judge

Timothy M. Burgess, Chief United States District Judge
Name and Title of Judge

6/5/2019
Date

DEFENDANT:     CASEY RICHARDSON
CASE NUMBER:     3:17-CR-00087-01-TMB

# PROBATION

You are hereby sentenced to probation for a term of:     5 YEARS     .

This term consists of five years of probation on each of Counts 5, 7, and 11, such terms to run concurrent.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☒ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☒ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached pages.

DEFENDANT: CASEY RICHARDSON
CASE NUMBER: 3:17-CR-00087-01-TMB

## STANDARD CONDITIONS OF SUPERVISION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

DEFENDANT:    CASEY RICHARDSON
CASE NUMBER:    3:17-CR-00087-01-TMB

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall provide the probation officer access to any requested financial information, including authorization to conduct credit checks, and shall not incur any new debts or apply for credit without the prior approval of the probation officer.

2. The defendant shall not hunt, guide, outfit or transport, or assist or support there in, or be with anyone who is engaged in any of those activities, at any location during term of supervision.

3. The defendant shall complete 150 documented hours of community work service during and as a condition of supervision and on a schedule to be determined by the U.S. Probation Officer.

4. The defendant shall provide a written public service announcement, the quality and content of which is conditioned on approval by the United States prior to publication, with said publication to be paid for by the defendant and to include a statement about the importance of understanding and following hunting laws and regulations.

5. The defendant shall submit to a warrantless search of person, residence, vehicle, personal effects, place of employment, and other property by a Federal probation or pretrial services officer or other law enforcement officer, based upon reasonable suspicion of contraband or a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation of supervised release.

6. \* The defendant shall reside at Job Corps at Trapper Creek, Montana for a period of 3 months, where he agrees to volunteer in training participants in Career Technical Training Programs offered by Job Corps, and shall comply with program structure and rules. Defendant shall be permitted to work as necessary to participate in and promote the Job Corps functions during the time of his placement, both in Trapper Creek and the surrounding areas.

7. The defendant shall participate in the home confinement program for a period of 3 months, shall abide by all the assigned components of the program, which will include electronic monitoring or other location verifications systems. The defendant shall be responsible for the cost of electronic monitoring. The defendant will be granted permission to attend employment, medical appointments, and other absences as approved by the U.S. Probation officer. Electronic monitoring will commence at the direction of the U.S. Probation Officer, within the first six months of supervision.

//////////////////////////////////////

U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see Overview of Probation and Supervised Release Conditions, available at www.uscourts.gov.

Defendant's Signature     _____     Date   _____

DEFENDANT:    CASEY RICHARDSON  
CASE NUMBER:    3:17-CR-00087-01-TMB

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $ 225.00 | $ 0.00 | $ 0.00 | $ 14,000.00 |

☐   The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒   The defendant must make restitution (including community restitution) to the following payees in the amount listed below. If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| *National Park Service | | $14,000.00 | 100% |
| | | | |
| | | | |
| | | | |
| TOTALS | $ 0.00 | $ 14,000.00 | |

☒   Restitution amount ordered pursuant to plea agreement $   $14,000.00

☒   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐   the interest requirement is waived for the   ☐ fine   ☐ restitution

    ☐   the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\*    Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

\*\*   Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:    CASEY RICHARDSON  
CASE NUMBER:    3:17-CR-00087-01-TMB

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☒   Lump sum payment of   $ 14,225.00   due immediately, balance due

     ☐   not later than _____ , or  
     ☒   In accordance with  ☐ C,  ☐ D,  ☐ E, or  ☒ F below; or

B ☐   Payment to begin immediately (may be combined with  ☐ C,  ☐ D,  ☐ E, or  ☐ F below); or

C ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of  $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of  $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after Release from imprisonment to a term of supervision; or

E ☐   Payment during the term of probation will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒   Special instructions regarding the payment of criminal monetary penalties:

Any unpaid amount is to be paid during the period of probation in monthly installments of not less than 10% of the defendant's gross monthly income or $25, whichever amount is greater. Interest shall not be waived.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program are made to the United States District Court, District of Alaska. For restitution payments, the Clerk of the Court is to forward money received to the party(ies) designated to receive restitution specified on the Criminal Monetaries (Sheet 5) page.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several  
    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA Assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.